**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

CHARLES E. LUCAS,              :

                                 :

           Petitioner,         :      Civ. No. 23-1854 (PGS)

                                 :

      v.                       :

                                 :

PATRICK A. NOGAN, et al.     :      **OPINION**
            Respondents.    :

_____:

**PETER G. SHERIDAN, U.S.D.J.**

Petitioner Charles E. Lucas ("Petitioner"), an individual currently confined at East Jersey State Prison in Rahway, New Jersey filed the instant petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Respondents filed a motion to dismiss ("Motion") the Petition as time barred (ECF No. 5) and Petitioner filed a reply (ECF No. 6). For the reasons expressed below, Respondents' Motion will be denied.

## I.  BACKGROUND

On July 22, 2014, a jury convicted Petitioner of first degree aggravated sexual assault of someone he knew or should have known was physically helpless, N.J.S.A. § 2C:14-2(a)(7). (*See* ECF Nos. 5-12, 5-13.) On April 27, 2016, the Court sentenced Petitioner to a term of fifteen-years imprisonment, subject to the No Early Release Act (NERA), N.J.S.A. § 2C:43-7.2. (*See* ECF Nos. 5-14, 5-15.)

Petitioner filed a notice of appeal and on July 9, 2018, the Appellate Division affirmed Petitioner's conviction. (ECF No. 5-17, *State v. Lucas*, 2018 WL 3339652 (App. Div. July 9, 2018).) On August 3, 2018, Petitioner filed a petition for certification with the New Jersey Supreme Court and a notice of motion for leave to file a notice of petition for certification as within time. (*See* ECF No. 5-18.) The New Jersey Supreme Court marked the petition for certification as out of time, and noted deficiencies in the petition, including that Petitioner needed to submit an original and three copies of the petition for certification, together with four copies of his Appellate Division briefs and appendices. (*See id.*) On October 5, 2018, the Clerk of the Supreme Court issued a deficiency notice regarding Petitioner's petition for certification, noting the petition was overlength. (*See* ECF No. 5-19.) On November 15, 2018, Petitioner's motion to file a petition for certification as within time was granted. (ECF No. 5-20.) On March 8, 2019, the Supreme Court denied Petitioner's petition for certification. (ECF No. 5-21.)

On November 7, 2019, Petitioner filed a Petition for Post-Conviction Relief ("PCR"), which was denied by the PCR court on November 23, 2020. (ECF Nos. 5-22, 5-23.) On November 22, 2021, the Appellate Division affirmed the PCR court's denial of post-conviction relief. (ECF No. 5-26.) On December 3, 2021, Petitioner filed a petition for certification with the New Jersey Supreme Court. (ECF Nos, 5-

27, 5-28.) On January 6, 2022, the Clerk of the Supreme Court mailed a deficiency

notice to Petitioner, advising Petitioner of the following deficiencies:[1]

> 1)   [] An original and three (3) copies of the PC, in
> compliance with R. 2:12-7(a) and R. 2:6, must be
> submitted as soon as practicable. Four copies of your
> Appellate Division appellant's brief and appendices must
> also be submitted with the PC. A certification of service
> must be included with the submission setting forth the
> documents, the date, the party served and their address,
> and the method of service used.
>
> 2)   An original and eight (8) copies are required on all
> motions pursuant to R. 2:8-1(b). We received an original
> and four (4) copies of the above motions. Four additional
> copies of your motions and certification in support are
> required.

(ECF No. 5-28 at 1.) On March 28, 2022, the Clerk of the Supreme Court received

a "letter-petition for certification" from Petitioner. (ECF No. 5-29.) On April 5,

2022, the Clerk issued a second deficiency notice, noting that Petitioner had failed

to remedy the following deficiency:

> 1) An original and eight (8) copies are required on all
> motions pursuant to R. 2:8-1(b). We received an original
> and four (4) copies of the above motions. Four (4)
> additional copies of your motions and certifications in
> support are required.

---

[1] The Supreme Court also noted that "the PC [was] past due" (*see* ECF No. 55-28 at 1), however, as explained above, it appears that the petition for certification was filed on December 3, 2021, which was within the twenty-day time period (11 days after the November 22, 2021 denial of his PCR petition) allowed for filing a timely petition for certification pursuant to New Jersey Court Rule 2:12-3(a). Therefore, it is unclear why the Supreme Court indicated that the petition for certification was past due.

(*Id.*) On June 7, 2022, the New Jersey Supreme Court granted Petitioner's motion to file a petition for certification as within time. (ECF No. 5-30.) On November 16, 2022, the Supreme Court denied Petitioner's petition for certification. (ECF No. 5-31.)

On March 31, 2023, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1.) Respondents subsequently filed the instant motion to dismiss, arguing that the petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 9.) Petitioner filed a reply raising equitable tolling arguments. (ECF No. 11.) The matter is now ripe for decision without oral argument. Fed. R. Civ. P. 78(b).

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, tit. I, § 101 (1996) imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

"[T]he statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012).

The AEDPA limitations period is tolled during the time a properly filed PCR petition is pending in the state courts. 28 U.S.C. § 2244(d)(2); *see also Thompson v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 121 (3d Cir. 2017); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013). A properly filed application is one that the Court accepted for filing by the appropriate court

officer and the Petitioner filed the application within the time limits prescribed by

the relevant jurisdiction. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). A properly

filed PCR petition will continue to be "pending" in the state courts following an

adverse determination by the PCR court until the time in which a petitioner has to

file a timely direct appeal in the state courts has run. *See Swartz v. Meyers*, 204 F.3d

417, 420-24, 423 n.6 (3d Cir. 2000).

Here, on March 8, 2019, the New Jersey Supreme Court denied Petitioner's

petition for certification. (ECF No. 5-21.) Petitioner did not file a petition for writ of

certiorari with the United States Supreme Court. Thus, ninety days after March 8,

2019, or June 6, 2019, Petitioner's 90-day period for seeking certiorari expired.

Therefore, his conviction became "final" on June 6, 2019 for purposes of the one-

year habeas limitations period in 28 U.S.C. § 2244(d)(1). The AEDPA limitations

period ran for 175 days before it was statutorily tolled when Petitioner filed his PCR

petition on November 7, 2019. (ECF No. 5-23.)

The PCR court denied Petitioner's petition on November 23, 2020, and

Appellate Division affirmed that denial on November 22, 2021. (ECF Nos. 5-22, 5-

23, 5-26.) On December 3, 2021, Petitioner filed a petition for certification with the

New Jersey Supreme Court. (ECF Nos, 5-27, 5-28.) Respondents submit that

Petitioner's petition for certification was filed on December 9, 2021, as the Supreme

Court of New Jersey indicated that the court received the petition on December 9,

2021. (*See* ECF No. 5 at 4; *see also* ECF No. 5-28.) However, the Court has reviewed

the state court record in this matter, and Petitioner signed and dated his petition for

certification on December 3, 2021. (*See* ECF No. 5-27.) In addition to his petition

for certification, Petitioner included a notice of motion to file the notice of petition

for certification as within time. (*See id.*) Petitioner indicted that he was including the

motion to file as within time "as a precaution in case [his] petition for some

inexplicable reason is not mailed out from this facility in a timely manner." (*Id.* at

1.) As noted immediately above, on November 22, 2021, the Appellate Division

affirmed the PCR court's denial of post-conviction relief. (ECF No. 5-26.) Pursuant

to New Jersey Court Rule 2:12-3(a), Petitioner had twenty days to file a petition for

certification with the Supreme Court of New Jersey. Therefore, Petitioner had until

Monday, December 13, 2021, to file a timely petition for certification. *See* N.J. Ct.

R. 1:3-1 (extending the period "until the end of the next day which is neither a

Saturday, Sunday nor legal holiday"). Therefore, even if Petitioner had not filed his

petition for certification until December 9, 2021 it was still timely filed and the

AEDPA limitations period remained tolled.

      However, the Clerk of the Supreme Court mailed a deficiency notice to

Petitioner on January 6, 2022, advising Petitioner that his petition was deficient

based on the failure to provide the appropriate copies of various items pursuant to

R. 2:12-7(a), R. 2:6, and R. 2:8-1(b).[2] (ECF No. 5-28 at 1.) On March 28, 2022, the

Clerk of the Supreme Court received a "letter-petition for certification" from

Petitioner. (ECF No. 5-29.) On April 5, 2022, the Clerk issued a second deficiency

notice, noting that Petitioner had failed to remedy one of the previously noted

deficiencies. (*Id.*) On June 7, 2022, the New Jersey Supreme Court granted

Petitioner's motion to file a petition for certification as within time. (ECF No. 5-30.)

On November 16, 2022, the Supreme Court denied Petitioner's petition for

certification. (ECF No. 5-31.)

Respondents argue that Petitioner's AEDPA limitations period was not tolled

during time period during which the Supreme Court had issued its deficiency

notices. (ECF No. 5 at 8-9.) Respondents claim that because the Clerk of the

Supreme Court issued a deficiency notice indicating that Petitioner's petition for

certification was "past due" and deficient, the time period from when his twenty-

days to file a timely petition for certification expired until June 7, 2022, when the

New Jersey Supreme Court accepted the petition for filing did not toll the AEDPA

statute of limitations. (*Id.*)

---

[2] The Court again notes that the Supreme Court also indicated that "the PC [was] past due" (*see* ECF No. 55-28 at 1), however, as explained above, it appears that the petition for certification was filed within the twenty-day time period allowed for filing a timely petition for certification pursuant to New Jersey Court Rule 2:12-3(a). Without further evidence or argument, the Court cannot find that Petitioner's petition for certification was untimely.

The Court finds two issues with Respondents' argument. First, the Court has already explained that based on the record before the Court, it appears that Petitioner's petition for certification was timely. Thus, Respondents' argument that Petitioner's petition for certification was untimely fails and Petitioner's AEDPA statute of limitations period remained tolled with the filing of his timely petition for certification.

Second, the Court finds Respondents' claim that Petitioner's AEDPA time limitations period was not tolled during the Supreme Court's issuance of the deficiency notices unavailing. The Court recognizes that the AEDPA limitations period is tolled during the time a "properly filed" PCR petition is "pending" in the state courts.  28 U.S.C. § 2244(d)(2). The Court further recognizes that the word "pending" and the phrase "properly filed" are terms of art having a technical meaning qualitatively different from that a layperson may perceive reflecting solely on the dates when the first document is mailed to the trial court and when the highest court issues its ruling. *See Jenkins*, 705 F.3d 80. Rather, as detailed in *Artuz v. Bennett*, 531 U.S. 4, 8–9 (2000), and elaborated upon in *Evans v. Chavis*, 546 U.S. 189 (2006), the statutory tolling does not apply "starting from the point in time when a not-perfected . . . application for certification as to affirmance of denial of PCR [] was received/recorded by the state courts and until the point in time when the inmate's submission is duly perfected under the requirements posed by the state

9

law." *See Jenkins*, 705 F.3d at 86–88, n. 11 ("[W]e note that [the inmate's PCR submission] was not properly filed [within the meaning of *Artuz* ] until he perfected it"). Respondents appear to argue that because the New Jersey Supreme Court issued deficiency notices, Petitioner's petition for certification was not "perfect" and therefore was not "properly filed", rendering the petition unable to toll the AEDPA limitations period. However, a review of the Supreme Court's deficiency notices does not make it clear that the court did not accept the petition for filing. Rather, the January 6, 2022, notice indicated that "failure to correct the above deficiencies may result in the dismissal of this matter" (ECF No. 5-28 at 1) and the April 5, 2022, notice indicated that "failure to correct the noted deficiency may affect the submission of this matter to the Court for its consideration." (ECF No. 5-29 at 1.)

A reading of the language used in the deficiency notices indicates that the Supreme Court did in fact accept Petitioner's petition for certification for filing and Petitioner's failure to remedy the deficiencies noted by the court would have resulted in dismissal of the petition. Without a clear indication that the state court ceased to consider the petition for certification pending, the Court finds that the petition for certification remained pending and continued to toll the AEPDA limitations period until November 16, 2022, when the Supreme Court denied Petitioner's petition for certification. (ECF No. 5-31.)

When the New Jersey Supreme Court denied Petitioner's petition for certification on November 16, 2022, the PCR petition was no longer "pending", and Petitioner's AEDPA statute of limitations period resumed running with 190 days remaining. *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001). Therefore, Petitioner had until May 25, 2023 to file a timely habeas petition. Petitioner's instant Petition was filed on March 31, 2023. Thus, the Petition was timely filed.

## III.  CONCLUSION

For the reasons stated above, Respondent's Motion to Dismiss is DENIED without prejudice. In the filing of a full answer, Respondents may clarify their arguments that (1) Petitioner's petition for certification was out of time and (2) that the petition was not pending during the deficiency notices, if Respondents have additional support from the state court record. An appropriate order follows.

*s/Peter G. Sheridan,  U.S.D.J.*
PETER G. SHERIDAN, U.S.D.J.

11