**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHARLES E. LUCAS,** | **Civil Action No.  23-1854 (RK)** |
| **Petitioners,** | |
| v. | **MEMORANDUM & ORDER** |
| **PATRICK A. NOGAN, et al.,** | |
| **Respondents.** | |

This matter comes before the Court on Petitioner Charles E. Lucas' Motion for an Evidentiary Hearing (ECF No. 23) in this habeas matter brought pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court denies the Motion for an Evidentiary Hearing without prejudice, strikes the Answer for failure to comply with the Court's prior Order, and directs Respondents to file an Amended Answer and supplement the record within 45 days.

A jury convicted Petitioner of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(7).  The state court imposed a fifteen-year term of imprisonment, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.  *See State v. Lucas*, No. A-4015-15T2, 2018 WL 3339652, at *1 (N.J. Super. App. Div. Jul. 9, 2018).  Petitioner filed a notice of appeal (ECF No. 17-20), and the Appellate Division affirmed Petitioner's conviction.  *Lucas*, 2018 WL 3339652, at *6.  On March 8, 2019, the New Jersey Supreme Court denied certification.  *State v. Lucas*, 236 N.J. 611 (2019).

Petitioner subsequently filed a petition for postconviction ("PCR") relief (ECF No. 17-25) in which he claimed that he had a sexual relationship with his trial counsel, and, as a result, trial counsel had a per se conflict of interest requiring PCR.  *See State v. Lucas*, No. A-0843-20 2021 WL 5443658, at *1 (N.J. Super. App. Div. Nov. 22, 2021).  He also claimed that trial counsel failed to provide effective assistance of counsel during trial after she learned that he was having

1

relationships with other women. (*Id.*) After oral argument, the PCR court denied his petition without an evidentiary hearing (ECF No. 17-27), the Appellate Division affirmed,[1] *see Lucas,* 2021 WL 5443658, at *17, and the New Jersey Supreme Court denied certification. *State v. Lucas*, 252 N.J. 316 (2022).

On or about March 20, 2023, Petitioner filed the instant Petition, which raises 21 grounds for relief. (ECF No. 1 Petition at 17; ECF No. 1-3.) The grounds for federal habeas relief are largely based on counsel's conflict of interest and purported ineffective assistance and are reproduced from Petitioner's PCR appellate brief. (*See id*; *see also* ECF No. 17-28.)

On July 7 2023, Respondents filed a Motion to Dismiss on timeliness grounds (ECF No. 5), and the District Court denied that motion and ordered a full answer to the Petition on December 11, 2023. (ECF Nos. 7-8.) Respondents failed to comply with the first answer deadline issued by the District Court, and on April 3, 2024, and again on June 25, 2024, the District Court ordered Respondents to comply with its prior Orders. (ECF Nos. 9-10.) On July 10, 2024, the matter was transferred to the undersigned, and Respondents sought two additional 60-day extensions of time prior to submitting their Answer on January 8, 2025, more than a year after the District Court ordered a full answer. (*See* ECF Nos. 11-13, 15, 17.)

Petitioner now seeks an evidentiary hearing and contends that Respondents' Answer fails to address each of his claim for relief and relies instead on "generalizations" that his claims have

---

[1] In the last reasoned decision, the Appellate Division determined that Petitioner's sexual relationship with his counsel did not amount to a per se conflict under state law and rejected Petitioner's ineffective assistance claims that his counsel failed to request a "permission charge," failed to call the victim's ex-husband and his brother as witnesses, and failed to call his expert witness to testify. *See* 2021 WL 5443658, at *4-16. The Appellate Division noted that Petitioner waived some claims he raised below, *id.* at *7 n.4, and held that Petitioner's "remaining arguments, to the extent [the court had] not directly addressed them, are without sufficient merit to warrant discussion in a written opinion." *Id.* at *16 (citing R. 2:11-3(e)(2)).

no merit; he also avers that he diligently pursued a hearing on his claims in state court. (ECF No. 23, Petitioner's Declaration at ¶¶ 3-5.) Evidentiary hearings are available in § 2254 proceedings only in very limited circumstances. *See* 28 U.S.C. § 2254(e)(2) (barring evidentiary hearing where the petitioner failed to diligently seek evidentiary hearing in state court); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (limiting review under § 2254(d)(1) to the record that was before the state court that adjudicated the claim on the merits"); *Fooks v. Superintendent, Smithfield SCI*, 96 F.4th 595, 597–98 ( 3d Cir. 2024) (explaining limited exception to the rule announced *Pinholster*).

Upon review, the Court agrees that Respondents' Answer fails to comply with the Court's Order to Answer, which requires Respondents to "address the merits of each claim for relief" with citations to relevant federal law. (*See* ECF No. 9 at 2.) The Answer does not address the individual claims and contains approximately three pages of legal argument. (*See* ECF No. 17 at 10-13.) Respondents' failure to address and analyze the individual claims in the Petition is especially troubling given the missed deadlines and extensions provided by the Court.

The Court, however, is unable to determine on this record whether Petitioner could be entitled to an evidentiary hearing. Therefore, the Court denies the Motion for an Evidentiary Hearing (ECF No. 23) without prejudice without reaching the merits and provides the following relief. The Court directs the Clerk of the Court to strike the Answer at ECF No. 17 and orders Respondents to submit an Amended Answer within 45 days that addresses each claim raised in the Petition and includes appropriate analysis and citation to federal law. Respondents shall also file the PCR transcript for the oral argument conducted on November 18, 2020 (*see* ECF No. 17-27, PCR Decision at 3) or explain why it is unavailable. Respondents shall serve their Amended Answer and the oral argument transcript (if available) on Petitioner at the address on file. Petitioner may submit a reply brief within 45 days of his receipt of Respondents' Amended Answer.

3

This Court retains jurisdiction, but the matter shall be administratively terminated for docket management purposes until the briefing and record is complete.

**IT IS, THEREFORE**, on this 24th day of February 2026,

**ORDERED** that Petitioner's Motion for an Evidentiary Hearing (ECF No. 23) is DENIED WITHOUT PREJUDICE for the reasons stated in this Memorandum & Order; and it is further

**ORDERED** that the Court directs the Clerk of the Court to STRIKE Respondents' Answer at ECF No. 17 for noncompliance with the Court's Order at ECF No. 9; and it is further

**ORDERED** that within 45 days, Respondents shall submit an Amended Answer that addresses each claim in the Petition and provides appropriate analysis under federal law; Respondents shall also file the PCR transcript for the oral argument conducted on November 18, 2020 (*see* ECF No. 17-27, PCR Decision at 3) or explain why it is unavailable; and it is further

**ORDERED** that Respondents shall serve a copy of the Amended Answer and the PCR transcript (if available) on Petitioner at the address on file; and it is further

**ORDERED** that Petitioner may submit a reply brief within 45 days of his receipt of the Amended Answer; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter for docket management purposes until the briefing and record is complete; the Court retains jurisdiction; and it is further

**ORDERED** that the Clerk of the Court shall send copy of this Memorandum & Order to Petitioner at the address on file.

ROBERT KIRSCH
United States District Judge

4